UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Arne Henry Mahlberg,<br><br>   Petitioner,<br>v.<br><br>State of Minnesota,<br><br>   Respondent. | Case No. 24-cv-04664 (ECT/LIB)<br><br><br><br>REPORT AND RECOMMENDATION |

  This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Arne Henry Mahlberg's Petition for a writ of habeas corpus. [Docket No. 1]. The present Petition is before the undersigned for review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.

  Through the present action, Petitioner challenges his 2014 state court convictions for four counts of criminal sexual conduct. (See Pet. [Docket No. 1]). Petitioner previously sought habeas corpus relief from his convictions and sentence. Mahlberg v. Minnesota, Case No. 24-cv-1989 (PJS/DTS), 2024 WL 4124903 (D. Minn. Aug. 9, 2024), R&R adopted by 2024 WL 4124696 (D. Minn. Sept. 9, 2024). That habeas petition was denied as untimely. Mahlberg, 2024 WL 4124903, at *5. Now, less than four months later, Petitioner seeks habeas relief again.

  Pursuant to 28 U.S.C. § 2244(b)(3)(A), a habeas petitioner in custody pursuant to a judgment of a state court who wished to file a "second or successive" petition for a writ of habeas corpus—such as Petitioner as filed here—must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Until a habeas petitioner receives permission from the appropriate court of appeals to file second or successive writ of habeas, the

district court lacks the subject matter jurisdiction to entertain the said petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007).

In the present case, Petitioner has not received the necessary authorization from the United States Court of Appeals from the Eighth Circuit to seek habeas relief from his conviction and sentence for a second time.[1] This Court, therefore, lacks jurisdiction over his successive habeas petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007). Accordingly, the Petition should be denied without prejudice and this case dismissed on that basis.

Finally, because the basis upon which dismissal is recommended here is not fairly debatable, it is further recommended that a certificate of appealability not be issued in this matter. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS RECOMMENDED THAT**:

1. Petitioner Arne Henry Mahlberg's petition for habeas corpus be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction;

2. This matter be DISMISSED; and

3. No certificate of appealability be issued.

Dated: January 21, 2025         s/ Leo I. Brisbois
                                Hon. Leo I. Brisbois
                                United States Magistrate Judge

---

[1] It appears that Petitioner initially filed his current petition for habeas corpus relief in the Eighth Circuit Court of Appeals. (See Letter [Docket No. 1-1]). In doing so, Petitioner skipped the necessary step of first seeking permission to file a habeas petition for a second time. Section 2244(b)(3) requires an applicant wanting to file a second or successive habeas petition to file a motion in the appropriate court of appeals requesting an order that would authorize the applicant to file the petition itself in the district court. See 28 U.S.C. § 2244(b)(3)(A). Petitioner instead filed a petition for a writ of habeas with the Eighth Circuit Court of Appeals. If, after filing the motion seeking permission, Petitioner is granted permission to file a habeas petition for a second time, then he may return to the appropriate district court to file his habeas petition.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).